**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| **MICHAEL JUSTICE**, on behalf of himself and all others similarly situated, | ) ) ) | CASE NO. 5:20-cv-00410 |
| | ) | JUDGE SARA LIOI |
| Plaintiff, | ) ) | |
| v. | ) ) | **JOINT MOTION FOR FAIR LABOR STANDARDS ACT SETTLEMENT** |
| **ASSOCIATED MATERIALS LLC**, | ) ) | **APPROVAL** |
| Defendant. | ) ) | |

## I.   INTRODUCTION

Representative Plaintiff Michael Justice ("Representative Plaintiff") and Defendant Associated Materials, LLC ("Defendant") (collectively, the "Parties") respectfully move this Court to approve the proposed Fair Labor Standards Act ("FLSA") settlement reached by the Parties (the "Settlement"), as outlined in the attached Joint Stipulation of Settlement and Release (the "Settlement Agreement"), a copy of which is attached as **Exhibit 1**. The proposed Settlement resolves bona fide disputes involving overtime compensation claims under the FLSA, 29 U.S.C. § 201, *et seq.*, and Ohio Revised Code ("O.R.C.") § 4111.03(D) (Ohio Overtime Law) and alleged violations of O.R.C. § 4113.15.

Representative Plaintiff filed this action as a collective action under the FLSA and as an Ohio class action under Fed. R. Civ. P. 23 whereby he alleged violations of the FLSA based on Defendant's alleged failure to pay its full-time, non-exempt manufacturing and production employees for certain pre-shift work, which resulted in underpayment of overtime. For settlement purposes only, the Parties agree that Representative Plaintiff and the other Eligible Settlement Participants (as defined in the Settlement Agreement) are similarly situated for purposes of 29 U.S.C. §216(b) of the FLSA and consent to Court-facilitated notice of the pendency of this action

and the proposed Settlement thereof to the Eligible Settlement Participants. Eligible Settlement Participants include former and current hourly full-time manufacturing and production employees at Defendant's West Salem facility, who worked 40 or more hours in any workweek from February 21, 2017 to August 24, 2020.[1]

If approved by the Court, the Settlement will provide written notice to all Eligible Settlement Participants as provided in the Settlement Agreement (the "Notice of Settlement"). Specifically, within 14 days of the Court's approval of the Settlement Agreement, Defendant will provide the Settlement Administrator with an Excel chart listing the names, social security numbers, last known addresses, and dates of employment for the Eligible Settlement Participants during the Covered Period, as that information exists in Defendant's records.[2]

Within 20 days of receipt of the list of Eligible Settlement Participants, the Settlement Administrator shall mail to all Eligible Settlement Participants the Notice of Settlement (**Exhibit A** attached to **Exhibit 1**), Claim Form (**Exhibit B** attached to **Exhibit 1**), and an enclosed, postage-paid return envelope.[3]

Eligible Settlement Participants will have 60 days from the date Notice of Settlement is initially mailed to join the Settlement by executing and returning a Claim Form.[4]

The Parties respectfully submit that the proposed Settlement is fair, reasonable, adequate, and in the best interests of Representative Plaintiff and all other Eligible Settlement Participants who elect to participate in the Settlement by signing and timely returning a Claim Form ("Opt-In

---

[1] Settlement Agreement at ¶ 1.

[2] *Id*. at ¶ 37.

[3] *Id*. at ¶ 40.

[4] *Id*. at ¶ 42.

Party Plaintiffs"); and that it satisfies the criteria for approval under § 216(b) of the FLSA. The Settlement was achieved during arm's-length negotiations conducted by experienced counsel. If approved by the Court, the Settlement will make settlement payments available to the Representative Plaintiff and Opt-In Party Plaintiffs.

The Settlement documents submitted for approval and entry by the Court consist of the following:

> **Exhibit 1**:   Joint Stipulation of Settlement and Release and its Exhibits (Exhibits A (Notice of Settlement), B (Claim Form), and C (Representative Plaintiff's Settlement Agreement and General Release));
>
> **Exhibit 2**:   Declaration of Plaintiffs' Counsel Robi J. Baishnab; and
>
> **Exhibit 3**:   Proposed Order of Dismissal and Approving Settlement.

The following sections explain the nature of the action, the negotiations, the principal terms of the Settlement and the propriety of approving the Settlement and the proposed distributions of Settlement proceeds.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   *The Action.*

On February 21, 2020, Representative Plaintiff commenced the action, *Michael Justice v. Associated Materials, LLC*, *et al.*, by filing a Complaint in the United States District Court for the Northern District of Ohio ("the Action"), Representative Plaintiff asserted claims on behalf of himself and other individuals alleged to be similarly situated under the FLSA and Ohio law, and alleging unpaid overtime, liquidated damages, attorneys' fees, costs, expenses, and interest.[5]

On March 9, 2020, Plaintiff dismissed his claims against Defendant Premium Building

---

[5] ECF No. 1; and *attached* **Ex. 2**, Baishnab Decl. at ¶ 7.

Products LLC, and on April 3, 2020, he filed a First Amended Complaint.[6] On April 8, 2020, the Parties filed their Proposed Stipulation and Proposed Order for Conditional Certification, Notice, Due Diligence Exchange and Mediation, which was approved the next day.[7] Defendant filed its Answer on May 4, 2020, in which it denied, and continues to deny, any liability or wrongdoing of any kind.[8]

**B.**     ***Negotiation of the Settlement.***

Since the filing of this Action, the Parties engaged in an informal yet comprehensive exchange of information regarding Representative Plaintiff's claims and Defendant's defenses to such claims. Defendant provided relevant wage and hour records for the Representative Plaintiff and the Eligible Settlement Participants. The Parties engaged in extensive factual and legal discussion and correspondence regarding Representative Plaintiff's legal theories, the propriety of collective action treatment, and Defendant's defenses.[9]

Plaintiffs' Counsel (as defined in the Settlement Agreement) analyzed the documents provided by Defendant, and engaged a PhD-level economist (the "Economist") to review the timekeeping and pay records to calculate the alleged unpaid overtime claimed by Representative Plaintiff and the Eligible Settlement Participants. The Economist's model was shared, analyzed, updated and revised pursuant to negotiation discussions.[10]

---

[6] ECF Nos. 6, 8, and 10; Baishnab Decl. at ¶ 8.

[7] ECF Nos. 11 and 12; Baishnab Decl. at ¶ 9.

[8] ECF No. 13; Baishnab Decl. at ¶ 10.

[9] Baishnab Decl. at ¶ 11.

[10] *Id*. at ¶ 12.

The Parties scheduled private mediation for September 9, 2020 with Mediator Jason R. Bristol.[11] However, the Parties engaged in extensive settlement negotiations amongst themselves until the Parties reached an agreement to settle the action on the terms set forth in the Settlement Agreement. Mediation was therefore unnecessary, which had the benefit of avoiding additional costs. The Parties reached the proposed Settlement in this matter after extensive research, legal debates, discussions and correspondence, and after good faith bargaining. Their Joint Settlement Notice was filed on August 20, 2020.[12]

The Parties disagreed, and continue to disagree, as to whether Defendant failed to pay overtime, whether liquidated damages are appropriate, and whether a two-year or three-year statute of limitations is applicable. Nevertheless, the Parties have come to a reasonable, fair, and adequate agreement to resolve this matter.[13] The Parties agree that the Settlement, subject to Court approval, will fully and finally settle and resolve this Action and result in the dismissal of this lawsuit, with prejudice.

C.  ***The Settlement Terms.***

If approved by the Court, the Settlement will cover Representative Plaintiff and all of the Opt-In Party Plaintiffs.[14]

The Global Settlement Fund is the gross settlement amount of **$149,900.00**, which is the total amount of funds available for payment to Plaintiffs (defined in the Settlement Agreement as Representative Plaintiff and the Opt-In Party Plaintiffs) for claims related to alleged unpaid and/or

---

[11] ECF No. 15.

[12] ECF No. 16; Baishnab Decl. at ¶¶ 12 to 13.

[13] Baishnab Decl. at ¶ 24.

[14] *Id*. at ¶ 14.

untimely payment of wages and other compensation, including alleged unpaid overtime, liquidated damages, including Plaintiffs' Counsel's attorney fees and costs, penalties, other costs, including the Settlement Administrator Costs, expenses, interest, the Service Award, and any other monetary claims related to the payment of wages, as outlined in the Settlement Agreement. The Global Settlement Fund does not include Defendant's share of the applicable employer tax withholdings.[15]

1. **Settlement Notices.**

As provided in the Settlement Agreement, each of the Eligible Settlement Participants shall have sixty (60) days from the date Notice of Settlement is initially mailed (but if any mailed Notice of Settlement is returned as undeliverable, the Eligible Settlement Participant shall have forty-five (45) days from any re-mailing of the Notice of Settlement) to submit a Claim Form.[16]

2. **Allocation of the Settlement Fund.**

The amount approved by the Court for Representative Plaintiff's Service Award, Plaintiffs' Counsel's attorneys' fees and costs, and the costs of the Settlement Administrator shall be deducted from the Global Settlement Fund to obtain a "Net Settlement Fund." In accordance with the Settlement Agreement, this Net Settlement Fund will be distributed to Opt-In Party Plaintiffs, as calculated by the Settlement Administrator, which will reflect the Opt-In Party Plaintiff's *pro rata* share of the Net Settlement Fund based on the number of workweeks worked by each of the Eligible Settlement Participants during the Covered Period in comparison to the total number of workweeks worked by all Eligible Settlement Participants during the Covered Period.[17]

---

[15] *Id*. at ¶ 16; Settlement Agreement at ¶ 8.

[16] Baishnab Decl. at ¶ 15; Settlement Agreement at ¶ 42.

[17] Baishnab Decl. at ¶ 17; Settlement Agreement at ¶¶ 9 and 49.

    3. **Service Award.**

If approved by the Court, a Service Award in the amount of **$2,500.00** is to be deducted from the Global Settlement Fund and paid to Representative Plaintiff for his involvement in commencing the claims represented in this Action and in helping to bring about this collective outcome. Defendant does not contest the requested Service Award.[18]

    4. **Attorneys' Fees and Costs.**

If approved by the Court, **$49,966.67**, which represents one-third of the Global Settlement Fund, shall be distributed to Plaintiffs' Counsel as attorneys' fees. Settlement also includes reimbursement of Plaintiffs' Counsel's costs incurred in pursuing the Action, which presently total **$3,102.45**, and costs of the Settlement Administrator, presently estimated at **$5,053.00**. Plaintiffs' Counsel will not receive any fees incurred in effectuating notice and settlement, and will recuperate no increases in costs, if any, after the close of the notice period and allocation of payments from the Settlement Administrator. Defendant does not oppose the requested fees or costs outlined in this paragraph.[19]

In exchange for payment and subject to Court approval, the Action will be dismissed with prejudice. Attached as **Exhibits A** and **B** to the submitted Settlement Agreement, are the proposed Notice of Settlement and Claim Form, informing Eligible Settlement Participants of the Settlement and providing them the means to join. The Notice will be mailed to the Eligible Settlement Participants at their last known home addresses according to records maintained by Defendant. The Opt-In Party Plaintiffs will participate in the Settlement and their claims will be released as defined in the Settlement Agreement and Notice of Settlement. The released claims as to

---

[18] Baishnab Decl. at ¶ 18; Settlement Agreement at ¶ 30.

[19] Baishnab Decl. at ¶ 19.

Representative Plaintiff are defined in the separate Settlement Agreement and General Release, attached to the Settlement Agreement as **Exhibit C**.[20]

### III. THE COURT SHOULD APPROVE THE FLSA CLASS MEMBERS' SETTLEMENT

Settlement of claims made pursuant to § 216(b) of the FLSA are subject to approval by the Court. As shown in the attached Declaration of Robi J. Baishnab, and as explained below, the Court should approve the Settlement.

#### A. *The Seven-Factor Standard Is Satisfied.*

The court presiding over an FLSA action may approve a proposed settlement of the action under the FLSA § 216(b) "after scrutinizing the settlement for fairness."[21] As a district court in the Sixth Circuit has observed, "[t]he need for the court to ensure that any settlement of [an FLSA] action treats the plaintiffs fairly is similar to the need for a court to determine that any class-action settlement is 'fair, reasonable, and adequate.'"[22] The Sixth Circuit uses seven factors to evaluate class action settlements, and the *Crawford* court applied those factors in assessing the fairness of an FLSA settlement:

> (1) the risk of fraud or collusion; (2) the complexity, expense and likely duration of the litigation; (3) the amount of discovery engaged in by the parties; (4) the likelihood of success on the merits; (5) the opinions of class counsel and class representatives; (6) the reaction of absent class members; and (7) the public interest.[23]

---

[20] **Ex. 1**.

[21] *Landsberg v. Acton Enterprises, Inc.*, 2008 WL 2468868 at *1 n.1 (S.D. Ohio June 16, 2008) (quoting *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353–55 (11th Cir. 1982)).

[22] *Crawford v. Lexington-Fayette Urban Cty. Gov't*, 2008 WL 4724499, at *3 (E.D. Ky. Oct. 23, 2008).

[23] *UAW v. General Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007) (citing *Granada Invs., Inc. v. DWG Corp.*, 962 F.2d 1203, 1205 (6th Cir.1992)); *Williams v. Vukovich,* 720 F.2d 909, 922–23 (6th Cir. 1983)); *Crawford*, 2008 WL 4724499 at *3.

Application of those factors to this Settlement demonstrates that the Court should approve the Settlement.

        1.      **No Indicia of Fraud or Collusion Exists.**

Plaintiffs' Counsel and Defendant's Counsel have extensive experience litigating FLSA claims, including claims for unpaid overtime, and each were given the opportunity to assess the merits of the Parties' claims and defenses, as well as the potential damages at issue in this case. The Parties contested the issues early, including Representative Plaintiff filing an amended complaint and dismissing Premium Building Products, LLC.[24] Defendant continues to deny any wrongdoing.[25]

The Parties scheduled private mediation with Mediator Jason R. Bristol; however, mediation was ultimately unnecessary, which had the benefit of avoiding additional costs. Though settlement was ultimately successful, agreement was achieved only after arm's-length good faith negotiations.[26] And notwithstanding settlement, the Parties continue to disagree as to whether overtime compensation is owed under the FLSA.[27] As such, there are no indicia of fraud or collusion.

        2.      **The Complexity, Expense, and Likely Duration of Continued Litigation Favor Approval of the Settlement.**

The policy favoring the settlement of collective actions and other complex cases applies with particular force here. Employment cases in general, and wage-and-hour cases in particular,

---

[24] Baishnab Decl. at ¶¶ 8 and 21; and ECF Nos. 6, 8, and 10.

[25] Baishnab Decl. at ¶ 10.

[26] *Id*. at ¶ 12.

[27] *Id*. at ¶¶ 24 to 25.

are expensive and time-consuming. Moreover, the Parties disagree about the merits of Representative Plaintiff's claims. Representative Plaintiff claims Defendant failed to pay him and others similarly situated for all time worked, and that such failures resulted in unpaid overtime compensation. Defendant denies it violated any federal or state law, and has consistently maintained this position throughout the duration of this case. Had this matter not settled, ongoing disputes would remain regarding liability, damages, and whether the two- or three-year statute of limitations applied.[28]

If forced to litigate this case further, the Parties would certainly engage in complex, costly, and protracted wrangling, which could result in no recovery for the class at all. By contrast, the Settlement promptly and efficiently provides substantial relief to Representative Plaintiff and the Opt-In Party Plaintiffs and amplifies the benefits of that relief through the economies of class resolution.[29]

Settlement represents a successful resolution of the claims given that a trier of fact might conclude that the class is not entitled to any relief or to relief in an amount less than the amount agreed to in the Settlement, or that a court might not allow the claims to proceed collectively. It also provides immediate and substantial relief without the attendant risks and delay of continued litigation and appeals.[30]

3.   **Investigation Was Sufficient to Allow the Parties to Act Intelligently.**

The Parties engaged in substantial investigation and informal discovery prior to negotiating the Settlement. Defendant produced wage and hour data for the Eligible Settlement Participants in

---

[28] *Id.*

[29] *Id.* at ¶ 23.

[30] *Id.* at ¶ 22.

the form of Excel spreadsheets. Plaintiffs' Counsel engaged the Economist to analyze the data and construct a damages model. The model was shared with Defendant's counsel and served as the basis for settlement negotiations. The model was updated and revised pursuant to negotiation discussions.[31]

### 4.    Given the Risks of Litigation, the Court Should Approve the Settlement.

Counsel for both sides believe in the merits of their clients' positions, but nonetheless recognize that the litigation of claims is uncertain in terms of duration, cost, and result. For example, expert time studies of alleged unpaid pre-shift work could potentially cost upwards of $50,000.[32] Moreover, Defendant raises affirmative defenses to Representative Plaintiff's claims, and the outcome of those defenses is uncertain as well. Consequently, continued litigation would be risky for all Parties.[33]

### 5.    The Court Should Approve the Settlement Given the Uncertainty of Recovery.

Representative Plaintiff's range of possible recovery is also open to dispute. Even if Representative Plaintiff succeeded on the merits of his claims, the amount of recovery is uncertain and something upon which the Parties continue to disagree. As an example, the Parties disagree about whether the allegedly unpaid pre-shift work actually occurred, whether it is compensable under the FLSA or Ohio law, the potential size of the class, if any, and whether overtime compensation is owed. Further, the Parties disagree as to whether a three-year statute of limitations

---

[31] *Id*. at ¶¶ 12 and 22.

[32] *Id*. at ¶ 25.

[33] *Id*. at ¶¶ 21 and 25.

and liquidated damages are applicable.[34]

   **6.**   <u>**Experienced Counsel Recommend the Court Approve the Settlement.**</u>

   Both Plaintiffs' and Defendant's Counsel have extensive experience in wage-and-hour collective and class actions, the Parties have acted in good faith, and Counsel have represented their clients' best interests in reaching the Settlement. Plaintiffs' Counsel and Defendant's Counsel support the Settlement as reasonable, fair, adequate, and in the best interest of Representative Plaintiff and the class as a whole, as described in the Declaration of Robi J. Baishnab.[35]

  **B.**   <u>***The Settlement Distributions Are Fair, Reasonable, and Adequate.***</u>

   When scrutinizing an FLSA collective action settlement, "a court must ensure that the distribution of the Settlement proceeds is equitable."[36] All components of the proposed distribution are proper and reasonable, and the Settlement as a whole is fair, reasonable, and adequate for the Representative Plaintiff and Opt-In Party Plaintiffs.

   **1.**   <u>**The Payments to Class Members Are Reasonable and Adequate.**</u>

   The Settlement confers substantial benefits upon Representative Plaintiff and Opt-In Party Plaintiffs. For example, Defendant's Counsel produced wage and hour data for the Eligible Settlement Participants.[37] Through analysis by Plaintiffs' Counsel and the Economist, a damages model was developed, reflecting alleged unpaid overtime for the entire class. The model was shared, discussed, and adjusted throughout the process.[38]

---

[34] *Id*. at ¶¶ 24 to 25.

[35] *Id*. at ¶¶ 4 to 6, 21, and 26.

[36] *Crawford*, 2008 WL 4724499 (citing *Ortiz v. Fibreboard Corp.*, 527 U.S. 815, 855 (1999)).

[37] Baishnab Decl. at ¶ 22.

[38] *Id*. at ¶ 12.

The benefit to Eligible Settlement Participants, using the model and calculations, at the total settlement amount of $149,900 can be expressed in at least two ways. It equals approximately 100% alleged unpaid overtime plus 42.5% liquidated damages at 15 minutes per day for the two-year statutory period or approximately 10.69 minutes per day of alleged unpaid overtime, plus 100% liquidated damages for the two-year period.[39]

The Settlement Administrator will calculate the Eligible Settlement Participant's respective *pro rata* share of the Net Settlement Fund based on the number of workweeks worked by each of the Eligible Settlement Participants during the Covered Period in comparison to the total number of workweeks worked by all Eligible Settlement Participants during the Covered Period.[40]

### 2. Plaintiff's Service Award Is Proper and Reasonable.

Representative Plaintiff seeks a **$2,500.00** service payment (the "Service Award").[41] Courts routinely approve service awards to named plaintiffs in class and collective action litigation, because service awards "are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class."[42] Service awards are meant to "compensate named plaintiffs for the services they provided and the risks they incurred during the course of the class action litigation."[43]

---

[39] *Id*. at ¶ 23.

[40] *Id*. at ¶ 17.

[41] *Id*. at ¶¶ 18 and 27.

[42] *Ganci v. MBF Insp. Servs.*, No. 2:15-cv-2959, 2019 U.S. Dist. LEXIS 207645, at *21 (S.D. Ohio Dec. 3, 2019) (quoting *Hadix v. Johnson*, 322 F.3d 895, 897 (6th Cir. 2003)).

[43] *Id.* (quoting *Dillworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 U.S. Dist. LEXIS 20446, at *17 (N.D. Ohio Mar. 8, 2010)).

In this Circuit, service awards to representative plaintiffs are "typically justified where the named plaintiffs expend time and effort beyond that of the other class members in assisting class counsel with the litigation, such as by actively reviewing the case and advising counsel in the prosecution of the case."[44] Here, not only was Representative Plaintiff willing to shoulder the burden of being a named plaintiff in a class and collective action lawsuit, he also contributed significant time, effort, and detailed factual information, enabling Plaintiffs' Counsel to evaluate the strength of his case. Representative Plaintiff was also available and provided valuable guidance as the Parties were negotiating settlement, and provided Plaintiffs' Counsel with the information they needed to evaluate whether the proposed Settlement was in the best interest of Opt-In Party Plaintiffs.[45] As such, his time and efforts support the requested Service Award. Further, Representative Plaintiff entered in a general release in partial exchange of the Service Award.[46] Notably, Defendant does not object to the requested Service Award.[47]

**3.**      **The Attorneys' Fees to Plaintiffs' Counsel Are Proper and Reasonable.**

After the Court has confirmed that the terms of the Settlement are fair to the Representative Plaintiff and the Eligible Settlement Participants, it may review the Parties' agreement (as outlined in the Settlement Agreement) as to the provision of fees and costs to Plaintiffs' Counsel. The

---

[44] *In re Southern Ohio Correctional Facility*, 175 F.R.D. 270, 273, 276 (S.D. Ohio 1997); *see also*, *Enterprise Energy Corp. v. Columbia Gas Transmission Corp.*, 137 F.R.D. 240, 250 (S.D. Ohio 1991) (among the factors warranting incentive awards are the "time and effort spent" by the individuals in question and "whether these actions resulted in a substantial benefit to Class Members").

[45] Baishnab Decl. at ¶ 27.

[46] Exhibit C of Settlement Agreement.

[47] Baishnab Decl. at ¶ 18.

Settlement reflects Defendant's agreement to pay Plaintiffs' Counsel one-third of the Global Settlement Fund.[48]

The FLSA provides that a Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and the costs of the action."[49] In *Fegley v. Higgins*,[50] the Sixth Circuit held that the FLSA's mandatory attorneys' fee provision "insure[s] effective access to the judicial process by providing attorney fees for prevailing plaintiffs with wage and hour grievances," and thus "encourage[s] the vindication of congressionally identified policies and rights."[51]

A one-third fee request has been approved in numerous similar class actions and collective actions. *See Gammon, et al. v. Marietta OPCO, LLC d/b/a Arbors at Marietta*, Southern District of Ohio Case No. 2:19-cv-05140 (Graham, J.) (1/3 fee approved in case where parties agreed to early mediation without motion practice and formal discovery); *Green, et al. v. H.A.D., Inc.*, Southern District of Ohio, Case No. 2:15-cv-933 (1/3 fee approved in case where parties agreed to early mediation without motion practice and formal discovery); *Braucher, et al. v. Atlas Railroad Construction, LLC.*, Northern District of Ohio Case No. 5:14-cv-01601 (same); *Mulloy, et al. v. Cuyahoga County*, Northern District of Ohio, Case No. 1:14-cv-02546 (same); *see, also., Terry v. All Hearts Home Health Care,* Northern District of Ohio Case No. 1:16-cv-515; *Houston, et. al. v. Progressive Casualty Insurance Co.,* Northern District of Ohio Case No. 1:15-cv-01853; *Rucker*

---

[48] *Id.* at ¶¶ 19 to 20.

[49] 29 U.S.C. § 216(b).

[50] 19 F.3d 1126, 1134 (6th Cir. 1994), *cert. denied*, 513 U.S. 875 (1994).

[51] *Id.* at 1134–35 (quoting *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.*, 732 F.2d 495, 502–03 (6th Cir. 1984)).

*v. Quality Blow Molding,* Northern District of Ohio Case No. 1:15-cv-1039; *Douglas, et al. v. J&K Subway, Inc.,* Northern District of Ohio Case No. 4:14-cv-2621; *Smith v. CMHA*, Northern District of Ohio Case No. 1:14-cv-1409; *Armbruster v. City of Cleveland*, Northern District of Ohio Case No. 1:13-cv-2626; *Williams v. Beckett Air, Inc.*, Northern District of Ohio Case No. 1:12-cv-2796; *Welch v. Incept Corporation*, Northern District of Ohio Case No. 5:12-cv-1775; *Malaj v. Gohlke*, Northern District of Ohio Case No. 1:11-cv-1578; *Campbell v. Judson Services*, Northern District of Ohio, Case No. 1:11-cv-906; *Murphy v. 1-800-Flowers*, Northern District of Ohio, Case No. 1:10-cv-1822; *Miller v. National Enterprise Systems*, Northern District of Ohio, Case No. 1:10-cv-1664; *Osolin v. Turocy & Watson LLP, et al,* Northern District of Ohio, Case No. 1:09-cv-2935; *Kelly v. National Enterprise Systems*, Northern District of Ohio, Case No. 1:09-cv-2268; *McNelley v. Aldi,* Northern District of Ohio, Case No. 1:09-cv-1868; *Rotuna v. West Customer Management Group,* Northern District of Ohio, Case No. 4:09-cv-1608; *Jackson v. Papa John's*, Northern District of Ohio, Case No. 1:08-cv-2791; *Dillworth v. Case Farms*, Northern District of Ohio, Case No. 5:08-cv-1694; *Fincham v. Nestlé Prepared Foods Company*, Northern District of Ohio, Case No. 1:08-cv-73; and *McGhee v. Allied Waste Industries*, Northern District of Ohio, Case No. 1:07-cv-1110.

Here, Representative Plaintiff is requesting that the Court approve as reasonable attorneys' fees a total of **$49,966.67**, representing one-third of the Global Settlement Fund.[52] Courts in this Circuit recognize that "an award of one-third of the settlement fund as a fee award… is a normal fee amount in a wage and hour case."[53] This is consistent with numerous other wage-and-hour

---

[52] Baishnab Decl. at ¶ 19.

[53] *Brandenburg v. Cousin Vinny's Pizza, LLC*, No. 3:16-cv-516, 2019 U.S. Dist. LEXIS 204371, *14 (S.D. Ohio Nov. 25, 2019) (citing *Carr v. Bob Evans Farms, Inc.*, No. l:17-cv-1875, 2018 U.S. Dist. LEXIS 228221, *10–11 (N.D. Ohio July 27, 2018)).

cases in which courts, including this Court, have approved an award of attorneys' fees of one-third of the Settlement amount.[54]

Further, Plaintiffs' Counsel accepted this case on a contingent fee basis and advanced all litigation fees, costs and expenses.[55] "In doing so, Class Counsel assumed a real risk in taking on this case, preparing to invest time, effort, and money over a period of years with no guarantee of recovery. This factor weighs in favor of approving the requested fee award."[56]

Finally, courts in this Circuit acknowledge that "wage and hour class and collective actions, such as this, are inherently complex and time-consuming."[57] This case involved contested issues of whether Defendant's employees performed work for which they were not properly compensated and, if so, how much of that time was compensable. Given the inherent complexity of a wage and hour collective action and the disputed issues of fact and law in this case, an award of one-third of the Global Settlement Fund appropriately compensates Plaintiffs' Counsel for their prosecution of this case, and advances the public's interests in rewarding attorneys who bring wage and hour cases.[58]

### 4. The Court Should Authorize Reimbursement of Expenses.

The Court should approve reimbursement of the expenses in this case. Plaintiffs' Counsel's current litigation costs are **$3,102.45** and the estimated costs of the Settlement Administrator are

---

[54] Baishnab Decl. at ¶ 28.

[55] *Id*. at ¶ 19.

[56] *Ganci*, 2019 U.S. Dist. LEXIS 207645, at *19 (citation omitted).

[57] *Brandenburg*, 2019 U.S. Dist. LEXIS 204371, at *10 (citation omitted).

[58] *See, e.g.*, *Gentrup v. Renovo Servs., LLC*, No. 1:07CV430, 2011 U.S. Dist. LEXIS 67887, at *14 (S.D. Ohio June 24, 2011) ("[S]ociety has a stake in rewarding the efforts of the attorneys who bring wage and hour cases, as these are frequently complex matters.").

**$5,053.00**. Costs incurred to date by Plaintiffs' Counsel include: Court filing fee and service; postage; and engagement of the Economist to build a damages model. The present total estimated costs of **$8,155.45** may increase depending on whether any unexpected costs arise during notice and settlement administration.[59] "Under the common fund doctrine, Class Counsel is entitled to reimbursement of all reasonable out-of-pocket expenses and costs incurred in the prosecution of claims and in obtaining settlement."[60] In fact, "[e]xpense awards are customary when litigants have created a common settlement fund for the benefit of a class."[61]

Because these costs and expenses are reasonable and were incurred in the prosecution of Representative Plaintiff's claims, the Court should award Plaintiffs' Counsel reimbursement of these costs and expenses from the Global Settlement Fund.

## IV.    **CONCLUSION**

The Parties request that this Court enter the Order, attached hereto as **Exhibit 3**:

1. Approving the Parties' Settlement Agreement and its Exhibits A through C, attached hereto as **Exhibit 1**;

2. Approving the requested Service Award to Representative Plaintiff Michael Justice;

3. Approving Plaintiffs' Counsel's requested attorneys' fees and costs;

4. Retaining jurisdiction over the Action to enforce the terms of the Settlement Agreement; and

5. Dismissing this matter with prejudice.

---

[59] Baishnab Decl. at ¶ 19.

[60] *Brandenburg*, 2019 U.S. Dist. LEXIS 204371, at *20 (citation omitted).

[61] *Id.*

Respectfully submitted,

**NILGES DRAHER LLC**

/s/ Robi J. Baishnab
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone:     (614) 824-5770
Facsimile:      (330) 754-1430
Email:          rbaishnab@ohlaborlaw.com

Jeffrey J. Moyle (0084854)
614 West Superior Avenue, Suite 1148
Cleveland, OH 44113
Telephone:     (216) 230-2955
Facsimile:      (330) 754-1430
Email:          jmoyle@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone:     (330) 470-4428
Facsimile:      (330) 754-1430
Email:          hans@ohlaborlaw.com
                sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

/s/  Amanda T. Quan (with permission)
John Gerak, OH #0075431
Doni C. Bulea, OH #0084158
Amanda T. Quan, OH #0086623
Key Tower
127 Public Square, Suite 4100
Cleveland, OH 44114
Telephone:     (216) 241-6100
Facsimile:      (216) 357-4733
Email:          john.gerak@ogletree.com
                donald.bulea@ogletree.com
                amanda.quan@ogletree.com

*Counsel for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2020, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. Parties may access this filing through the Court's system.

*/s/ Robi J. Baishnab*
Robi J. Baishnab

*Counsel for Plaintiff*

44229832.1