# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL JUSTICE, on behalf of himself and others similarly situated, | ) ) ) | CASE NO. 5:20-cv-410 |
| | ) | |
| PLAINTIFFS, | ) ) | JUDGE SARA LIOI |
| vs. | ) ) | |
| | ) ) | MEMORANDUM OPINION AND ORDER |
| ASSOCIATED MATERIALS LLC, | ) ) | |
| | ) | |
| DEFENDANT. | ) | |

Before the Court is the parties' Joint Motion for Fair Labor Standards Act Settlement Approval. (Doc. No. 17 ["Joint Motion"].) The Joint Stipulation of Settlement and Release and Exhibits is attached to the Joint Motion. (Doc. No. 17-1 ["Joint Settlement"].)

Because the Court finds that the Joint Settlement represents a fair resolution of plaintiffs' claims, the Joint Motion is granted and the Joint Settlement is approved.

## I.  BACKGROUND

Plaintiff Michael Justice ("Justice"), on behalf of himself and similarly situated employees (collectively "plaintiffs"), filed a collective action against defendant Associated Materials LLC ("defendant" or "AM") alleging that AM violated the Fair Labor Standards Act ("FLSA") (29 U.S.C. § 201 et seq.) and Ohio Rev. Code §§ 4111.03(D) and § 4113.15 (collectively, "Ohio Wage Laws") by failing to pay plaintiffs overtime wages. (Doc. No. 10

(Amended Complaint ["Am. Compl."]) at 45.[1]) Plaintiffs[2] are employed by AM and work at AM's manufacturing facility in West Salem, Ohio. (*See id.* ¶¶ 11, 14.)

Defendant is in the business of manufacturing and selling building and construction products, including window frames and vinyl siding. (*Id.* ¶ 12.) Plaintiffs, who are not exempt from the protections of the FLSA and the Ohio Wage Laws, are required to attend pre-shift meetings that are integral and indispensable to their work before they clock in. These meetings occur each workday and last approximately fifteen minutes. But plaintiffs, who typically work 40 hours per week, are not paid overtime compensation to attend the required pre-shift meetings. (*Id.* ¶¶ 19-27.)

By failing to pay overtime for the pre-shift meetings, plaintiffs maintain that AM violated the FLSA and Ohio Wage Laws. (*Id.* ¶ 1.) Defendants deny that they violated the FLSA or Ohio Wage Laws, insisting that plaintiffs were paid for all compensable work at the legal rate at all times relevant to the present dispute. (*See generally* Doc. No. 13 (Answer).) The parties have reached a settlement that resolves all of plaintiffs' claims, and they now seek approval of the Joint Settlement.

---

[1] Page number references are to page identification numbers generated by the Court's electronic filing system.

[2] The Court conditionally certified this action as a collective action under 29 U.S.C. 216(b) with respect to plaintiffs defined as:

> All former and current hourly full-time manufacturing and
> production employees at Defendant's West Salem facility, who
> worked 40 or more hours in any workweek from February 21, 2017
> to the present (the "Collective Class Members").

(Doc. No. 12 ¶ 2.)

## II. APPLICABLE LAW

"Employees are guaranteed certain rights by the FLSA, and public policy requires that these rights not be compromised by settlement." *Crawford v. Lexington-Fayette Urban Cty. Gov.*, No. 06-299-JBC, 2008 WL 4724499, at *2 (E.D. Ky. Oct. 23, 2008). "The central purpose of the FLSA is to protect covered employees against labor conditions 'detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers.'" *Id*. (quoting 29 U.S.C. § 202).

The provisions of the FLSA are mandatory and, except in two narrow circumstances, are generally not subject to bargaining, waiver, or modification by contract or settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706, 65 S. Ct. 895, 89 L. Ed. 1296 (1945)*; Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1353-53 (11th Cir. 1982). The first exception involves FLSA claims that are supervised by the Secretary of Labor pursuant to 29 U.S.C. § 216(c). *Lynn's Foods, Inc*., 679 F.2d at 1533. The second exception, applicable here, encompasses instances in which federal district courts approve settlement of suits brought in federal district court pursuant to § 16(b) of the FLSA. *Id*.

In reviewing the settlement of a federal plaintiff's FLSA claims, the district court must "'ensure that the parties are not, via settlement of [the] claims, negotiating around the clear FLSA requirements of compensation for all hours worked, minimum wages, maximum hours, and overtime.'" *Rotuna v. W. Customer Mgmt. Grp. LLC*, No. 4:09-cv-1608, 2010 WL 2490989, at *5 (N.D. Ohio June 15, 2010) (quoting *Collins v. Sanderson Farms, Inc.*, 568 F. Supp. 2d 714, 719 (E.D. La. 2000)). The existence of a bona fide dispute serves as a guarantee that the parties have not manipulated the settlement process to permit the employer to avoid its obligations under

3

the FLSA. *Id.* (citing *Crawford*, 2008 WL 4724499, at *3). The Court should also consider the following factors: the risk of fraud or collusion, the complexity, expense, and likely duration of the litigation, the amount of discovery completed, the likelihood of success on the merits, and the public interest in settlement. *Crawford*, 2008 WL 4724499, at *3 (citing *Int'l Union, United Auto., Aerospace, & Agr. Workers of Am. v. Gen. Motors Corp.*, 497 F.3d 615, 631 (6th Cir. 2007)). Further, in collective actions, the Court should consider the opinion of counsel and collective representatives and the reaction of absent collective members. *Id.* The Court may determine which factors to consider and the weight to be afforded such factors as are relevant to the case at hand. *Id.* In addition, where the settlement agreement proposes an award of attorney fees, such fees must be reasonable. *See generally Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 893, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)).

### III. ANALYSIS

At the outset, the Court finds that the parties' divergent views of the facts and the law in this action present bona fide disputes that, had the parties not reached settlement, would have necessitated discovery and litigation expenses and resolution by the Court and/or a jury. The Joint Motion confirms the same. (*See* Joint Motion at 97.) As set forth above, the parties disagree as to whether plaintiffs were properly compensated for any and all overtime worked.

Having reviewed the terms of the Joint Settlement, the Court finds that the settlement represents a fair and reasonable resolution to bona fide disputes. Further, the Court notes that the settlement was the result of arms-length negotiations between parties that were represented by able counsel and there is no evidence of fraud or collusion. *White v. Premier Pallet & Recycling, Inc.*, No. 5:18-cv-1460, 2018 WL 4913678, at *2 (N.D. Ohio Oct. 10, 2018) ("In assessing

4

settlement agreements, '[c]ourts presume the absence of fraud or collusion unless there is evidence to the contrary.'") (quoting *UAW v. Gen. Motors Corp.*, No. 05-cv-73991, 2006 WL 891151, at *21 (E.D. Mich. Mar. 31, 2006)). As such, the Court finds no risk of fraud or collusion with respect to the Joint Settlement.

With respect to the monetary awards to plaintiffs, the Court notes that the payments to eligible settlement participants represent substantial unpaid overtime as alleged by plaintiffs.[3] Moreover, the Court has taken into account the opinion of counsel in this collective action, who has expressed the opinion that the proposed settlement is a fair and adequate compromise of the disputed claims and in the best interest of the plaintiffs. (Doc. No. 17-2 (Declaration of Robi Baishnab ["Baishnab Decl."]) ¶ 26.)

As for the award of attorney fees to plaintiffs' counsel, the Court finds that the award, which is supported by a declaration of counsel, is reasonable, taking into consideration the fact that a settlement was reached early in the litigation and the successful outcome provides substantial relief to plaintiffs. (*See id.* ¶ 19.) Moreover, the Court notes that the attorney fee award amount aligns with the amounts awarded in other FLSA collective action cases in the Northern District of Ohio. *See White,* 2018 WL 4913678, at *3 (collecting cases).

In addition, the Joint Settlement provides for a service award to plaintiff representative, Justice. Such awards are not uncommon, and "courts routinely approve incentive awards to compensate named plaintiffs for the services they provided and the risks they incurred during the course of the litigation." *Dillsworth v. Case Farms Processing, Inc.*, No. 5:08-cv-1694, 2010 WL

---

[3] Plaintiffs' counsel represents that by the terms of the Joint Settlement, plaintiffs' recovery can be expressed in two ways: "It equals approximately 100% unpaid overtime plus 42.5% liquidated damages at 15 minutes per day for the two-year statutory period; or approximately 10.69 minutes per day of unpaid overtime, plus 100% liquidated damages for the two-year period." (Doc. No. 17-2 (Declaration of Robi Baishnab ["Baishnab Decl."]) ¶ 23.)

776933, at *7 (N.D. Ohio Mar. 8, 2010) (quoting *Cullen v. Whitman Med. Corp.*, 197 F.R.D. 136, 145 (E.D. Pa. 2000)). Plaintiff Justice played an active role in assisting plaintiffs' counsel. (*See* Baishnab Decl. ¶ 27.) As such, the Court approves the modest service award to the representative plaintiff in recognition of his service in this action.

Lastly, while the Court is not in a position to assess the likelihood of success on the merits as the case was still in the early stages when settlement was reached, the Court finds that the other relevant factors weigh in favor of approving the settlement.

## IV. CONCLUSION

For all the foregoing reasons, the Court grants the Joint Motion and approves the Joint Settlement. The claims in plaintiffs' complaint are dismissed with prejudice, and this case is closed.

**IT IS SO ORDERED**.

Dated: October 26, 2020

_____
**HONORABLE SARA LIOI**
**UNITED STATES DISTRICT JUDGE**